**CANNON and Feeley et al.**

**v.**

**TEXAS GULF SULPHUR COM-
PANY et al.**

**No. 65 Civ. 1223.**

United States District Court,
S. D. New York.

Dec. 14, 1971.

See also, D.C., 53 F.R.D. 220.

Nemser & Nemser by Stanley Nemser, New York City, for plaintiffs.

White & Case by Orison's Marden, New York City, for defendants.

BONSAL, District Judge.

Defendants have moved for an order determining that the actions listed on Schedule A of the affidavit in support of the motion may not be maintained as class actions under Rule 23 of the Federal Rules of Civil Procedure.

These actions arise out of the explorations near Timmins, Ontario, conducted by Texas Gulf Sulphur Company (TGS) between November 12, 1963 and April 16, 1964, on which date TGS announced a valuable ore discovery, and by reason of purchases of TGS stock by officers, directors and employees of TGS. The facts are not repeated here since they have been reported in detail elsewhere (see S.E.C. v. Texas Gulf Sulphur Co. et al., 258 F.Supp. 262, at 268–275, 293–294 (S.D.N.Y.1966); 401 F.2d 833 at 840–841, 843–847 (2d Cir. 1968); Reynolds v. Texas Gulf Sulphur Co. et al., 309 F. Supp. 548, at 551–556 (D.C.Utah 1970), 446 F.2d 90 at 93–95 (10th Cir. 1971)).

Plaintiffs in the numerous actions pending in this court fall into three categories:

(1) Plaintiffs who allege that they sold TGS stock after November 11, 1963 and who claim damages due to the nondisclosure of TGS's exploration activities and insider purchases (31 actions);

(2) Plaintiffs who sold TGS stock between April 12, 1964 and 10:55 a. m. on April 16, 1964, who allege reliance on TGS's April 12, 1964 press release (15 actions); and

(3) Plaintiffs who sold after 10:55 a. m. on April 16, 1964 when TGS issued its April 16 press release, who allege reliance on the April 12 press release (8 actions).

This court has previously granted conditional class action treatment under Rule 23 as to the second category. Cannon v. Texas Gulf Sulphur Co. et al., 47 F.R.D. 60 (1969). This court has pre-

viously denied class action treatment with respect to the third category. Cannon v. Texas Gulf Sulphur Co., 53 F.R. D. 216 (1971).

The present motion relates to the first category, which actions are referred to as "the non-disclosure actions". By their motion, defendants seek an order determining that the non-disclosure actions may not be maintained as class actions under Rule 23, F.R.Civ.P.

The purpose of Rule 23 is to eliminate multiplicity of suits and to have one class action where the rights of all the plaintiffs may be finally determined (Advisory Committee's note to Rule 23, 39 F.R.D. 98 (1966)). In the non-disclosure actions, plaintiffs allege that when they sold their shares, TGS had not disclosed the status of the exploration activities and the remaining defendants had not disclosed their purchases of TGS stock. It appears that the potential class would include sellers of at least 2,560,000 shares of TGS stock, which was the trading volume between November 11, 1963 and April 10, 1964. The size of the potential class is at least an indication of the administrative problems which would be faced if class action status was accorded, including the expense involved in identifying the members of the class and of mailing out the appropriate notice.

The non-disclosure actions are quite different from the actions predicated on the April 12 press release since these present a common issue as to all of the plaintiffs as to whether the press release was false or deceptive. If it was, potential liability would be established, leaving only the issue of reliance and damages to be determined as to the individual plaintiffs. With respect to the non-disclosure actions, before liability can be established, each plaintiff, as pointed out in Reynolds v. Texas Gulf Sulphur Co., 309 F.Supp. 548 (1970), at 558, will be required to prove some causative effect between his sale and the non-disclosure. In an actively traded stock on a number of national stock exchanges it is extremely unlikely that many sellers could prove any causative relationship between their sales and the failure to disclose, and certainly this court cannot make a preliminary determination that the members of the class would not have sold in the event of disclosure. Unlike the press release actions, there is no common basis for establishing liability. As pointed out by Judge Winner in Denver v. American Oil Co., 53 F.R.D. 620 (D.C.Colo. Oct. 28, 1971)—

> "If the issues as to liability differ from proposed class member to proposed class member, there should be no class, because, then, the predominance of common factual and legal issues test is not met."

It follows that each of the non-disclosure actions must be considered on its individual merits, and the court believes that they will be duly prosecuted whether or not they go forward as a class action.

For the foregoing reasons, defendants' motion for an order pursuant to Rule 23(c) and (d) (4) of the Federal Rules of Civil Procedure determining that the actions pending in this court and listed in Schedule A of the supporting affidavit (excepting the *Cannon/Green* action to the extent indicated) are not properly maintainable as class actions, is granted.

Settle order on notice.